IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Philadelphia Yearly Meeting of the Religious Society of Friends,** *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**U.S. Department of Homeland Security,** *et al.*,<br><br>　　　　　Defendants. | Civil Case No. 8:25-cv-243-TDC |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

In response to questions at the February 13 oral argument, Plaintiffs write to bring to the Court's attention the Supreme Court's decision in *Department of Commerce v. New York*, 588 U.S. 752 (2019) (attached).

*Department of Commerce* held, among other things, that the plaintiff states had standing to challenge the inclusion of a question about citizenship on the U.S. Census based on future harms that would be caused by predictable reactions of third parties. *Id.* at 768. The plaintiffs alleged, similar to Plaintiffs here, that they would be harmed because a question about citizenship would likely cause noncitizen households to respond at lower rates, which would—in the aggregate—lead to legally cognizable injuries. *Id.* at 767. The government argued, as it does here, that under *Clapper*, the plaintiffs had no standing because they relied on the independent actions of third parties who would be subjectively chilled by the unfounded fear that the government would use census answers against noncitizen households generally. *Id.* What's more, the government argued that the plaintiffs' theory of standing was too attenuated because it relied on future violations of the law by both noncitizen households (in refusing to respond to the census) and the

Department of Commerce (in sharing the responses with other agencies). *Id.*; *see also* Pet'rs' Br., 2019 WL 1093052, at *18-19.

The Supreme Court rejected the government's arguments. *Dep't of Com.*, 588 U.S. at 768. The Court did not require the plaintiffs to show that any noncitizen household's fear was itself an injury-in-fact or more than mere speculation. *Id.* Instead, the Court explained that because "Article III 'requires no more than *de facto* causality,'" *id.* (quoting *Block v. Meese*, 793 F.2d 1303, 1309 (D.C. Cir. 1986) (Scalia, J.)), the relevant analysis is "the predictable effect of Government action on the decisions of third parties." *Id.*

<div style="display:flex"><div>

February 15, 2025

</div><div>

Respectfully submitted,

  /s/ Bradley Girard
Bradley Girard (Bar No. 31437)
Alethea Anne Swift (Bar No. 30829)
Sarah Goetz*
Andrew Bookbinder*
J. Sterling Moore*
Audrey Wiggins*
Skye Perryman*

DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
aswift@democracyforward.org
bgirard@democracyforward.org
sgoetz@democracyforward.org
abookbinder@democracyforward.org
smoore@democracyforward.org
awiggins@democracyforward.org
sperryman@democracyforward.org

Counsel for Plaintiffs

*Admitted pro hac vice

</div></div>

## CERTIFICATE OF SERVICE

I, Bradley Girard, certify that I filed this document with the Clerk of Court for the United States District Court for the District of Maryland, Southern Division, by using the CM/ECF system, which sent a notice of the filing to all registered CM/ECF users who have appeared in this case.

<div style="text-align: right">

/s/ Bradley Girard
*Counsel for Plaintiffs*

</div>