UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PHILADELPHIA YEARLY MEETING OF THE RELIGIOUS SOCIETY OF FRIENDS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Civil Action No. 8:25-cv-00243-TDC |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The Court should disregard Plaintiffs' Notice of Supplemental Authority (ECF No. 55) because it constitutes an unauthorized sur-reply that re-argues the issue of standing by citing a five-year-old Supreme Court decision, *Department of Commerce v. New York*, 588 U.S. 752 (2019), that Plaintiffs could have identified in earlier briefing or during the hearing on Plaintiffs' motion for preliminary injunction.  *See Foshee v. AstraZeneca Pharms. LP*, No. 23-CV-00894-SAG, 2023 WL 6845425, at *1 n.1 (D. Md. Oct. 17, 2023) (refusing to consider notices of supplemental authority under Local Rule 105.2 because "they do not serve the purpose of providing the Court with a new judicial opinion issued after the parties' briefing concluded" but "constitute surreplies, which are not permitted under th[e] Court's rules absent leave of court").

In any event, *Commerce* does not aid Plaintiffs' standing argument.  The *Commerce* plaintiffs supported standing with extensive "evidence at trial" about the rates aliens historically

responded to the census. *Commerce*, 588 U.S. at 768; *see also New York v. United States Dep't of Commerce*, 351 F. Supp. 3d 502, 576-583 (S.D.N.Y.) (summarizing expert testimony, comprehensive studies, and detailed government memoranda demonstrating that a citizenship question will cause lower response rates). Relying on that evidence, the Supreme Court held that the district court did not clearly err in finding that the lower response rates were "likely attributable at least in part to noncitizens' reluctance to answer a citizenship question" and thus the plaintiffs satisfied the "traceability" requirement. *Commerce,* 588 U.S. at 768. Plaintiffs here have not presented similar evidence demonstrating that the chilling effect on in-person attendance at religious events is fairly traceable to the 2025 Memorandum. Moreover, *Commerce* did not disturb the standard for speculative injury. *See id.* at 767 (finding that plaintiffs established a "concrete and imminent" danger of losing federal funds).

Dated: February 18, 2025         Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

ANDREW I. WARDEN
Assistant Branch Director

/s/ *Kristina A. Wolfe*
KRISTINA A. WOLFE (VA Bar No. 71570)
Senior Trial Counsel
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel: 202-353-4519
Fax: 202-616-8470
Email: Kristina.Wolfe@usdoj.gov