

March 4, 2025

The Honorable Theodore D. Chuang
District Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770

Re:   Notice of intent to file Motion for Protective Order in *Philadelphia Yearly Meeting, et al., v. Kristie Noem, et al.*, Civil Action No. TDC-25-0243

Dear Judge Chuang,

The Preliminary Injunction entered last week directs Plaintiffs to provide Defendants "a list consisting of the names and addresses of all places of worship that are owned, operated, occupied, or used by any Plaintiff or its agents, employees, or members." Dkt. 62. The parties conferred swiftly and extensively regarding that list and protection of the information contained therein, as reflected in the joint motions to extend deadlines filed last week. *See* Dkts. 63 and 65.

Unfortunately, the parties are unable to reach agreement on the scope of necessary protection. Plaintiffs therefore intend to move for entry of the attached proposed Protective Order (the "Order"). Defendants intend to oppose Plaintiffs' motion.

### *Plaintiffs reasonably fear misuse of their sensitive information.*

A protective order is needed because the list described above includes sensitive and often non-public information about Plaintiff houses of worship and ministries. While access to that information is necessary for Defendants to comply with the Preliminary Injunction, Plaintiffs and their members fear misuse of the information, which could endanger the safety of staff, congregants, and individuals served by Plaintiff ministries. Some Plaintiff congregations and ministries have public addresses, but many do not—often because their embrace of immigrants has already subjected them to threats and other harassment.[1]

Plaintiffs' concerns regarding potential misuse of their data are compounded by the fact that it will be shared in a document linking specific houses of worship and ministries to a lawsuit challenging a Trump administration immigration policy. News outlets continue to document (1) ongoing efforts by the administration to misuse sensitive data in furtherance of mass-deportation campaigns;[2] (2) expansion of the administration's threats of deportation to those who publicly disagree with government policies;[3] (3) leaks of sensitive information from local law enforcement

---

[1] If granted leave to move for entry of the proposed Protective Order, Plaintiffs are prepared to submit declarations supporting these facts.

[2] Jacob Bogage et al., *DHS asks IRS for addresses of people believed to be in U.S. illegally*, Wash. Post (Feb. 28, 2025), https://www.washingtonpost.com/business/2025/02/28/immigration-enforcement-trump-administration-irs/.

[3] Bernd Debusmann, *Trump vows to deport students over 'illegal protests,'* BBC News (March 4, 2025), https://www.bbc.com/news/articles/cqly0zrnnv3o.

agencies, with whom ICE partners, to extremist groups;[4] and (4) connections between this administration's immigration officials and groups like the Proud Boys.[5]

### *The proposed Protective Order is appropriately tailored and will not burden Defendants.*

The terms of Plaintiffs' proposed protective order, which are neither unusual nor extreme, protect the respective interests of the parties and the public and facilitate Defendants' compliance with the Preliminary Injunction.

Under the Order, the list Plaintiffs disclose to Defendants pursuant to the Preliminary Injunction would be deemed protected information, with Plaintiffs designating the materials "SUBJECT TO PROTECTIVE ORDER" on the face of the document(s). The Order prevents Defendants from using that information for any purpose other than compliance with the Preliminary Injunction, but permits disclosure to federal, state, or local agencies or sub-agencies when necessary to enable the same. To ensure the information remains adequately protected, the Order requires Defendants to attach a copy of the Order whenever they share Plaintiffs' information and requires that Defendants, should they transmit Plaintiffs' information via documents other than those produced by Plaintiffs, place the words "SUBJECT TO PROTECTIVE ORDER" on every page of those documents.

The proposed Order protects Defendants' interests by addressing situations in which a subpoena, applicable law, or court order requires Defendants to review or disclose information covered by the order. It also reflects the reasonable concerns raised by Defendants during the meet-and-confer process. Specifically, the proposal permits disclosure to federal, state, or local agencies or sub-agencies; addresses situations requiring the review, not just disclosure, of Plaintiffs' data; and excludes any information the government obtains through means other than the disclosure(s) required by the Preliminary Injunction.

### *Defendants' proposed language would permit misuse of Plaintiffs' data.*

Defendants oppose Plaintiffs' proposed Order in part because "Defendants routinely receive sensitive information from plaintiffs in litigation, which is adequately protected under protective orders that do not prohibit internal use of information that is authorized by law or court order." But protective orders often limit internal use of information to attorneys or other select groups. While that specific kind of limitation is unworkable here, that should not mean that Plaintiffs' sensitive information loses *any* protection against misuse.

Nor can Defendants explain their interest in (1) ensuring that Plaintiffs' sensitive information can be used for any purpose "authorized by law," or (2) limiting the scope of the Preliminary Injunction to the exact document(s) Plaintiffs disclose to Defendants, with no restriction on documents or data transmittals that reproduce the same sensitive information.

---

[4] *See, e.g.*, Spencer S. Hsu et al., D.C. officer guilty of leaking to Proud Boys' Tarrio before Jan. 6, Wash. Post (Dec. 23, 2024), https://www.washingtonpost.com/dc-md-va/2024/12/23/lamond-proud-boys-jan6-verdict/.

[5] Tom Homan, President Trump's "border czar," appears to have met with Proud Boys associate Terry Newsome on at least four separate occasions. Jeff Tischauser, *Head of Trump's Immigration Plans Met Proud Boys Associate About Deportations*, Hatewatch (Feb. 7, 2025), https://www.splcenter.org/resources/hate-watch/head-trump-immigration-plans-met-proud-boys-associate-deportations/. Newsome has bragged that the Proud Boys are "in contact with folks in ICE and getting updates as [raids] happen." *Id.* He has also posted videos showing him harassing pastors and migrants. *Id.*

*Swift implementation of a Protective Order is necessary.*

Plaintiffs have worked quickly and diligently to resolve Defendants' objections to the proposed Order. They have done so in part because Defendants' immediate compliance with the Preliminary Injunction is necessary to protect against the harms Plaintiffs and their members continue to suffer. Those harms necessitate prompt resolution of this matter, which will facilitate Plaintiffs' disclosure to Defendants of the information necessitate to facilitate compliance with the Preliminary Injunction.

Sincerely,

_____
Alethea Anne Swift

_____
Bradley Girard

Sarah Goetz, Andrew Bookbinder,
Sterling J. Moore, Audrey Wiggins,
and Skye Perryman*
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
aswift@democracyforward.org
bgirard@democracyforward.org
sgoetz@democracyforward.org
abookbinder@democracyforward.org
smoore@democracyforward.org
awiggins@democracyforward.org
sperryman@democracyforward.org

*Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

    I, Alethea Anne Swift, certify that I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Maryland, Southern Division, by using the CM/ECF system, which sent a notice of such filing to all registered CM/ECF users who have appeared in this case.

/s/ Alethea Anne Swift
*Counsel for Plaintiffs*
