

**U.S. Department of Justice**
Civil Division, Federal Program Branch

---

April 4, 2025

<u>**VIA CM/ECF**</u>

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, Maryland 20770

RE: Notice of Intent to File Partial Motion to Dismiss, *Philadelphia Yearly Meeting of the Religious Society of Friends, et al., v. U.S. Dep't of Homeland Sec.*, No. 8:25-cv-00243-TDC

Dear Judge Chuang:

      Defendant, United States Department of Homeland Security (DHS), by and through undersigned counsel and pursuant to II.A.2 of the Case Management Order entered in the above-referenced case (ECF No. 7), submits this Notice of Intent to File a Partial Motion to Dismiss in regard to Plaintiffs' Administrative Procedure Act (APA) claims. Good-cause exists for Defendants to file a Partial Motion to Dismiss because: (1) the APA bars judicial review of agency action that "is committed to agency discretion by law" and (2) the challenged action is not reviewable "final agency action." 5 U.S.C § 701(a)(2), 5 U.S.C. § 704. For these reasons, Plaintiffs' APA claims should be dismissed. Plaintiffs oppose this motion.

    **A.** <u>**Factual Background**</u>

    Plaintiffs, several religious organizations, initiated this action on January 27, 2025, alleging that an internal guidance memorandum issued on January 20, 2025 by then Acting Secretary of Homeland Security Benjamine Huffman instructing immigration enforcement officers to exercise their discretion and common sense when conducting immigration information activities in or near sensitive locations (Huffman Memorandum) substantially burdens their exercise of religion in violation of the Religious Freedom Restoration Act (RFRA), impedes their First Amendment right of expressive association, and violates various provisions of the APA. *See* Compl. for Declaratory & Inj. Relief, ECF No. 1. Plaintiffs subsequently amended their complaint and moved for a temporary restraining order (TRO) and preliminary injunction solely on the basis of their RFRA and First Amendment claims. *See* Am. Compl. for Declaratory & Inj. Relief, ECF No. 28; Pls.' Mot. for TRO and Prelim. Inj., ECF No. 25. The Court granted Plaintiffs' motion in part, finding that Plaintiffs likely had standing and had made a sufficient showing on their RFRA and First Amendment claims. *See* Mem. Op., ECF No. 60. The Court issued a preliminary injunction enjoining defendants from taking actions to implement, enforce, apply, or act pursuant to the terms of the Huffman Memorandum. *See* Prelim. Inj., ECF No. 62.

      The deadline for Defendants to respond to Plaintiffs' Amended Complaint is April 7, 2025. Defendants intend to file a Partial Motion to Dismiss Plaintiffs' APA claims. *See* Am. Compl., Counts III-VI. Neither the parties nor the Court addressed Plaintiffs' APA claims during resolution of Plaintiffs' motion for a TRO and preliminary injunction.

B. **Legal Basis for the Partial Motion to Dismiss**

1. **DHS's Enforcement Guidance is Committed to Agency Discretion by Law**

Agency action "is committed to agency discretion by law[,]" 5 U.S.C. § 701(a)(2), where the underlying statute "is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion. *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). Courts also consider whether, as a matter of tradition, action is committed to agency discretion. *See id.* at 832 ("[S]uch a decision has traditionally been 'committed to agency discretion,' and we believe that the Congress enacting the APA did not intend to alter that tradition.").

Here, the Immigration and Naturalization Act (INA) does not provide any meaningful standard by which to judge Defendants' discretion with respect to carrying out enforcement actions in sensitive locations, including in or near places of worship. The INA evinces only limited intent to dictate agency discretion with respect to the mechanics of enforcement operations. *See, e.g.*, 8 U.S.C. §§ 1226(a), 1231(a)(1)(A), 1357(a). For example, Congress limits when immigration officers may enter a farm or agricultural operation for investigative purposes. *See id.* § 1357(e). But aside from the requirement to obtain warrants in certain circumstances, *see, e.g.*, *id.* § 1226(a), Congress has not placed other restrictions on Defendants' enforcement discretion, such as whether, when, or under what circumstances immigration officers may enter or approach sensitive locations. As the Supreme Court recently emphasized in *United States v. Texas*, 599 U.S. 670 (2023), lawsuits like this one challenging agency enforcement policies "run up against the Executive's Article II authority to enforce federal law," *id.* at 678, and "courts generally lack meaningful standards for assessing the propriety of enforcement choices" with respect to arrest and detention, given the needs of the Executive Branch to weigh "resource constraints and regularly changing public-safety and public-welfare needs when devising arrest and prosecution policies." *Id.* at 679-80. This "complicated balancing process in turn leaves courts without meaningful standards for assessing those policies." *Id*; *see Arizona v. United States*, 567 U.S. 387, 396 (2012) ("A principal FINfeature of the removal system is the broad discretion exercised by immigration officials.").

2. **Huffman Memorandum is Not Reviewable Final Agency Action**

Further, Plaintiffs cannot show the Huffman Memorandum is a reviewable "final agency action." 5. U.S.C. § 704. "An 'agency action' is a "rule, order, license, sanction, relief, or the equivalent denial thereof." 5 U.S.C. § 551. A *final* agency action is the "consummation of the agency's decisionmaking process [and] must be [an action] by which rights or obligations have been determined, or from where consequences will flow." *Invention Submission Corp.*, *v. Rogan*, 357 F.3d 452, 459-460 (4th Cir. 2004) (finding defendant-agency's campaign for the purpose of safeguarding citizens against plaintiffs' alleged scams was not subject to judicial review). Furthermore, the APA's definition of agency action highlights "obligations and determinations of rights," not *the resultant conduct* the agency action might instigate. *See Village of Bald Head Island v. U.S. Army Corps of Engineers*, 714 F.3d 186, 190 (4th 2013) (finding defendant conducting environmental assessment adversely affected the environment but conduct was not final agency action that was subject to judicial review.)

The Huffman Memorandum does not change any person's legal status, confer any legal benefits, or have any "legal consequences." Indeed, the memorandum expressly advises that it does not "create any right or benefit, substantive or procedural, enforceable at law by any party in

- 2 -

any administrative, civil, or criminal matter." The memorandum simply reflects DHS's discretionary decision to provide guidance to immigration "officers in exercising appropriate enforcement discretion." The guidance thus leaves individual officers free to exercise their individual judgment "along with a healthy dose of common sense" in each individual situation. An action with no legal effect "on regulated entities" does not become final simply because it provides "instruction[s] to [agency] staff," *National Mining Ass'n v. McCarthy*, 758 F.3d 243, 250-53 (D.C. Cir. 2014).

### C. Proposed Briefing Schedule

Defendants conferred with counsel for Plaintiffs and, although Plaintiffs oppose the Partial Motion to Dismiss, Plaintiffs have no objection to the following briefing schedule:

- **April 17** – Defendants file Partial Motion to Dismiss
- **May 1** – Plaintiffs file Response to Defendants' Partial Motion to Dismiss
- **May 15** – Defendants file Reply in Further Support of their Partial Motion to Dismiss

### D. Request to Stay All Additional Deadlines & Case Management Obligations

Defendants respectfully request that the Court toll the time to answer Plaintiffs' RFRA and First Amendment claims, *see* Am. Compl., Counts I & II, and stay all additional case management obligations and discovery pending resolution of the Partial Motion to Dismiss. *See, e.g.*, *Jacobson v. Allstate Ins. Co.*, Civ. No. 06-1629-WDQ, 2006 WL 8456604, at *1-2 (D. Md. Oct. 17, 2006) (construing Federal Rule of Civil Procedure 12(a)(4) as providing that service of a Rule 12(b) motion that addresses only part of a complaint suspends the time to respond to the entire complaint); *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) (explaining that suspending the time to respond to claims not addressed in a Rule 12(b) motion prevents "duplicative sets of pleadings in the event that the Rule 12(b) motion is denied[,]" as well as confusion over the proper scope of discovery while the motion is pending"). Defendants conferred with counsel for Plaintiffs who indicated that they do not oppose Defendants' request.

* * *

For these reasons, the Defendants, respectfully request leave to file a Partial Motion to Dismiss Plaintiffs' APA claims and further request a stay of all additional deadlines and case management obligations, including the time for Defendants to answer Plaintiffs' RFRA and First Amendment claims. Thank you for your consideration of the matters addressed herein.

    Sincerely,

    */s/ Karima A. Ortolano*

    Karima A. Ortolano
    Kristina A. Wolfe

    *Counsel for Defendants*

Cc:    Counsel of Record (via CM/ECF)