```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                       SOUTHERN DIVISION

PHILADELPHIA YEARLY MEETING )
OF THE RELIGIOUS SOCIETY    )
OF FRIENDS, et al.,         )
    Plaintiffs,             )
                            )
    v.                      )   CASE NUMBER: TDC-cv-25-0243
                            )
DEPARTMENT OF HOMELAND      )
SECURITY, et al,            )
    Defendants.             )
_____)


                    TELEPHONIC CONFERENCE

    TRANSCRIPT OF PROCEEDINGS - CASE MANAGEMENT CONFERENCE
         BEFORE THE HONORABLE THEODORE D. CHUANG
               UNITED STATES DISTRICT JUDGE
                   Wednesday, April 9, 2025


                      A P P E A R A N C E S

FOR THE PLAINTIFFS:

    BY: SARA GOETZ, ESQUIRE
        ALETHEA ANNE SWIFT, ESQUIRE
        AUDREY WIGGINS, ESQUIRE
        J. STERLING MOORE, ESQUIRE
        ANDREW BOOKBINDER, ESQUIRE
            DEMOCRACY FORWARD FOUNDATION
            PO Box 34553
            Washington, DC  20043

FOR THE DEFENDANTS:

    BY: KARIMA A. ORTOLANO, ESQUIRE
    BY: KRISTINA A. WOLFE, ESQUIRE
            DEPARTMENT OF JUSTICE
            1100 L Street, NW
            Washington, DC  20005
_____

            ***Proceedings Recorded by FTR GOLD***
     Transcript Produced by Computer-Aided Transcription
```

**P R O C E E D I N G S**

(3:03 p.m.)

      **THE COURTROOM DEPUTY:** The matter now pending before this Court is Civil Action Number TDC-25-0243, Philadelphia Yearly Meeting of the Religious Society of Friends, et al., v. The U.S. Department of Homeland Security, et al. We are here today for the purpose of a Case Management Conference.

    Beginning with the plaintiffs, counsel please identify yourselves for the record.

      **MS. SWIFT:** Good afternoon, Your Honor. This is Anne Swift for plaintiff. I am joined by my colleague, Sara Goetz, who will be handling most of the discussion today, as well as Andrew Bookbinder, Audrey Wiggins, and John Sterling Moore.

      **THE COURT:** Okay, good afternoon.

    For the Government?

      **MS. ORTOLANO:** Good afternoon, Your Honor and Madam Clerk. This is Karima Ortolano of the United States and I am joined here today by my co-counsel, Kristina Wolfe.

      **THE COURT:** Okay, good afternoon.

    So we're here for a Case Management Conference. We have the notice from the Government seeking to move to dismiss the Administrative Procedure Act claim. And while certainly in the ordinary course that can just happen, I wanted to just see if there's a way to kind of level-set, see if we're all on the

1    same page on certain things or if the parties are on the same
2    page on certain things or not.
3         So what the Government wants to do it seems is to move to
4    dismiss the APA claim.  It does not seek to dismiss all of --
5    I think it's Counts -- well, the constitutional and
6    *[inaudible]* claims at this point, but wants to not have an
7    answer filed immediately.
8         And so part of that is just to see from the plaintiffs'
9    side, do you have any opposition to that approach in terms of
10   moving forward just on the one count, but then not getting an
11   answer on the other counts?
12            **MS. GOETZ:**  This is Sara Goetz for plaintiffs, Your
13   Honor.  Plaintiffs do not oppose that approach.
14            **THE COURT:**  Okay, so just so you're clear on this at
15   least the way our procedures work here.  Ordinarily -- there's
16   nothing absolute, but ordinarily until there's an answer,
17   there's no discovery.  And so as long as you're okay with
18   that.
19            **MS. GOETZ:**  Thank you, Your Honor.  Yes, we do.  We
20   understand that.  And again, we're comfortable with that
21   approach.  We certainly anticipate seeking the administrative
22   record at the appropriate time, but we do not anticipate
23   seeking any discovery now and are comfortable with the
24   Government proceeding with its motion to dismiss.
25            **THE COURT:**  Okay.

1           And then so in terms of an answer on the other claims,
2    how should we handle that from a date standpoint?  Should it
3    be a date certain?  Should it be triggered by a particular
4    event such as the ruling on the motion to dismiss?  Is that
5    what you had in mind, Ms. Ortolano?
6           **MS. ORTOLANO:**  Yes.  This is Ms. Ortolano for the
7    United States.  Yes, that was our intent.
8           **THE COURT:**  So ordinarily there's a ruling on the
9    motion to dismiss.  Usually about, you know, 14 days after the
10   ruling we usually expect an answer if there's remaining claims
11   which in this instance there would be because you're not
12   challenging those other claims at this point.  And obviously
13   if the APA claim continues then you would file an answer on
14   that as well.  Dose that seem like --
15          **MS. ORTOLANO:**  Yes.  Partially, Your Honor.
16   However, the United States would be asking for three weeks to
17   answer, so 21 days.
18          **THE COURT:**  Okay.  I mean, it's a little ways down
19   the road, but any problem with that, Ms. Swift or Ms. Goetz?
20          **MS. GOETZ:**  Ms. Goetz for plaintiffs.  21 days is
21   fine with us, Your Honor.
22          **THE COURT:**  Okay, so we can plan on that.
23        Now I should tell you, I mean, I don't know, you know,
24   even when the briefing is filed, I don't know exactly when the
25   ruling will occur given the press of our other cases.  But you

1    have a proposed schedule that had the defendants filing this
2    partial motion to dismiss basically next week on the 17th and
3    then basically two weeks between briefs.
4         Is that still acceptable to everyone, even with the
5    slight passage of time since the notice was filed?
6              **MS. ORTOLANO:**  Yes, Your Honor.  The Government does
7    believe so.
8              **MS. GOETZ:**  Sara Goetz for plaintiffs.  That's fine
9    with us as well, Your Honor.
10             **THE COURT:**  Okay.
11        And then just again, so that we don't have debates about
12   this later on, it sounded, Ms. Goetz, as if you were saying
13   that at some point in the case you wanted to get the
14   administrative record, but I didn't hear you say there's any
15   need to get anything before this motion is resolved.  Is that
16   correct, given that it appears to be just a legal motion?
17             **MS. GOETZ:**  That is our position; yes, Your Honor.
18             **THE COURT:**  And then just to clarify, so again,
19   we're all on the same page, Ms. Ortolano, I take it your
20   motion is purely based on the Complaint?  You're not going to
21   try to introduce any outside documents or are you?
22             **MS. ORTOLANO:**  You are correct, Judge.  You are
23   correct.
24             **THE COURT:**  Okay.  So it looks as if there's largely
25   agreement from both sides on the various aspects of this so I

1  can grant the request and set the briefing schedule as set
2  forth in the notice which is April 17th for the motion; May
3  1st for any opposition; and then May 15th for a reply brief.
4  Just pay attention both to the local rules and the Case
5  Management Order on procedures for those motions.
6       So, for example -- well, I should tell you now, the reply
7  brief ordinarily I don't -- I'll wait to get all the briefs
8  before I read them on a standard motion like this.  And so
9  there's no reason to say anything you've already said in your
10 opening brief.  In fact, the local rules -- well, rather the
11 Case Management Order doesn't allow you to file a brief longer
12 than the one it's responding to, in addition to the standard
13 page limits.  And if you don't need to file a reply brief
14 because they didn't say anything that mattered or you thought
15 was *[inaudible]* you don't need to file anything on that at
16 all.  And then also other procedures in there, the standard
17 things about page limits and other guidelines.
18      Any questions about the procedures for the motion?
19          **MS. ORTOLANO:**  Not from the Government.  No, Your
20 Honor.
21          **MS. GOETZ:**  No from plaintiffs, Your Honor.
22          **THE COURT:**  Okay.  While we're here it may just be
23 helpful to know, I usually would assume no news is good news,
24 but did everything work itself out with this list of locations
25 and things?

1           **MS. ORTOLANO:**  The United States speaking, Your
2    Honor.  Of sorts, yes.
3           **THE COURT:**  What do you mean "of sorts"?
4           **MS. ORTOLANO:**  The answer is yes, Your Honor.
5           **THE COURT:**  Okay, so you got a list from the
6    plaintiffs that you're now using.  And from the plaintiffs'
7    side, Ms. Goetz, you did provide a list and you don't have any
8    issues at this point; is that correct?
9           **MS. ORTOLANO:**  That's correct, Your Honor.
10          **THE COURT:**  Okay.  Well, like I said, no news is
11   good news.  So I look forward to seeing the briefs on the
12   motion.
13       Is there anything else we should discuss while we're here
14   today?
15          **MS. ORTOLANO:**  Nothing from the United States, Your
16   Honor.
17          **MS. GOETZ:**  And nothing from plaintiffs, Your Honor.
18          **THE COURT:**  Okay, we'll look forward to getting the
19   briefs.  To the extent we need a hearing, oral argument of
20   sorts, we'll let you know after the briefing is all complete.
21       Is that something the parties are interested in or you
22   don't know yet until you see the briefings?
23          **MS. ORTOLANO:**  The Government wouldn't know until
24   they see the briefings, correct.
25          **MS. GOETZ:**  Plaintiffs are in the same position,

1   Your Honor.  We would like to take a look at the briefing.
2              **THE COURT:**  Okay.  Well again, typically I wouldn't
3   make that decision until I've seen the briefing either so
4   you'll hear from us if we're interested in having a hearing or
5   you'll just get a ruling in writing, either way.  Good luck
6   with the briefing and we'll be in touch as that motion
7   continues.
8        Thank you very much.  I think that concludes the hearing.
9   Thank you.
10             **(Proceeding concluded at 3:12 p.m.)**

```
 1                  CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4
 5          I, Nadine M. Bachmann, Registered Merit Reporter and
 6   Certified Realtime Reporter, do hereby certify that the
 7   foregoing is a correct transcript of the audio-recorded
 8   proceedings in the above-entitled matter, audio recorded via
 9   FTR Gold on April 9, 2025, and transcribed from the audio
10   recording to the best of my ability and that said transcript
11   has been compared with the audio recording.
12
13                            Dated this 9th day of April, 2025.
14
15                            -S-
                              _____
16                            NADINE M. BACHMANN   RMR, CRR
                              FEDERAL OFFICIAL COURT REPORTER
17
```