## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| PHILADELPHIA YEARLY MEETING OF THE RELIGIOUS SOCIETY OF FRIENDS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Civil Action No. 8:25-cv-00243-TDC |

## <u>DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT</u>

Defendants, United States Department of Homeland Security ("DHS") and Kristi Noem in her official capacity as Secretary of Homeland Security (the "Secretary") (collectively "Defendants") hereby answer Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief, ECF No. 28 ("Amended Complaint").

Plaintiffs have used headings and subheadings throughout their Amended Complaint. Defendants have used Plaintiffs' headings, but not their subheadings, in the Answer for ease of reference. Defendants' use of Plaintiffs' headings should not be interpreted as an admission of or agreement with any language in Plaintiffs' headings or subheadings.

Subject to the foregoing, in response to the numbered paragraphs of the Amended Complaint, Defendants respond as follows, using the same paragraph numbering as does the Amended Complaint.

## INTRODUCTION

1.      Defendants' lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.      As to the first sentence of this paragraph, Defendants admit that since at least 1993, DHS or its predecessor, the Immigration and Naturalization Service ("INS"), has issued internal guidance permitting immigration enforcement activities in or near sensitive locations, including places of worship, with prior supervisory approval or where exigent circumstances are present. The remainder of the first sentence contains Plaintiffs' characterization of Defendants' internal guidance documents, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to those internal guidance documents for a full and accurate statement of their contents,[1] and otherwise deny the allegations in the first sentence. As to the second sentence of this paragraph, Defendants admit that the October 2021 Memorandum from Alejandro N. Mayorkas, Secretary of Homeland Security, titled "Guidelines for Enforcement Actions in or Near Protected Areas" ("Mayorkas Memorandum") (JR Ex. 20, PYM-000188-192) states, "To the fullest extent possible, we should not take an enforcement action in or near a location that would restrain people's access to essential services or engagement in essential activities."  The remainder of the second sentence contains Plaintiffs' characterization of this

---

[1] *See, e.g.*, Mem. from James A. Puleo, Acting Assoc. Comm'r, Immigr. & Naturalization Serv., "Enforcement Activities at Schools, Places of Worship, or at funerals or other religious ceremonies" (May 17, 1993) ("Puleo Memorandum") (JR Ex. 11, PYM-000067-69); Mem. from John Morton, Director, ICE, "Enforcement Actions at or Focused on Sensitive Locations" (Oct. 24, 2011) ("Morton Memorandum") (JR Ex. 16, PYM-000082-84); Mem. from David V. Aguilar, Deputy Comm'r, U.S. Customs & Border Prot., "U.S. Customs and Border Protection Enforcement Actions at or Near Certain Community Locations" (Jan. 18, 2013) ("Aguilar Memorandum") (JR Ex. 17, PYM-000085-86); Mem. from Alejandro Mayorkas, Sec'y of Homeland Sec., "Guidelines for Enforcement Actions in or Near Protected Areas" (Oct. 27, 2021) ("Mayorkas Memorandum") (JR Ex. 20, PYM-000188-92).

statement, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Mayorkas Memorandum for a full and accurate statement of its contents, and otherwise deny the remaining allegations in the second sentence of this paragraph.

3.       Defendants admit that on January 20, 2025, then-Acting Secretary of Homeland Security Benjamine C. Huffman issued new internal guidance on enforcement actions in or near sensitive locations, superseding the Mayorkas Memorandum.  Mem. from Benjamine C. Huffman, Acting Sec'y, DHS, "Enforcement Actions in or Near Protected Areas" (Jan. 20, 2025) ("Huffman Memorandum") (JR Ex. 43, PYM-000574).  The remaining allegations in this paragraph contain Plaintiffs' characterization of the Huffman Memorandum, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Huffman Memorandum for a full and accurate statement of its contents, and otherwise deny the remaining allegations in this paragraph.

4.       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of this paragraph.  The third and fourth sentences of this paragraph set forth legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in the third and fourth sentences of this paragraph.

5.       The first sentence of this paragraph contains Plaintiffs' characterization a judicial opinion, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the judicial opinion for a full and accurate statement of its contents, and otherwise deny the allegations in this sentence.  The remaining allegations in this

paragraph set forth legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the remaining allegations in this paragraph.

6.    The first sentence of this paragraph sets forth legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this sentence. The second, third, and fourth sentences of this paragraph set forth legal conclusions and contain Plaintiffs' characterization of the Huffman Memorandum, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Huffman Memorandum (JR Ex. 43, PYM-000574) for a full and accurate statement of its contents, and otherwise deny the remaining allegations in the second, third, and fourth sentences of this paragraph. The fifth sentence of this paragraph contains Plaintiffs' characterization of the Huffman Memorandum and a DHS Press Release, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Huffman Memorandum (JR Ex. 43, PYM-000574) and the Press Release (JR Ex. 30, PYM-000329) for a full and accurate statement of their contents, and otherwise deny the allegations in the fifth sentence of this paragraph.

7.    The allegations in this paragraph consist of Plaintiffs' characterization of their Amended Complaint and legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

8.    This paragraph sets forth legal conclusions and allegations of subject matter jurisdiction, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

4

9.      This paragraph sets forth legal conclusions and allegations of venue, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

10.      This paragraph sets forth legal conclusions and contains citations to two statutes and two rules of the Federal Rules of Civil Procedure, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statutes and rules for a full and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

## PARTIES

11.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19.     Defendants admit that Defendant DHS is one federal agency that is responsible for enforcing the immigration laws and policies of the United States.  Defendants deny the remaining allegations in this paragraph.

20.     Defendants admit that DHS contains component agencies, including U.S. Citizenship and Immigration Services, U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Customs and Border Protection ("CBP").  Defendants deny the remaining allegations in this paragraph.

21.     Defendants admit that Plaintiffs have sued Kristi Noem in her official capacity as Secretary of Homeland Security.  Defendants deny the remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

22.     Defendants admit that since at least 1993, DHS or its predecessor, the INS, has issued internal guidance permitting immigration enforcement activities in or near sensitive locations, including places of worship, with prior supervisory approval or where exigent circumstances are present.  The remainder of the allegations in this paragraph contain Plaintiffs' characterization of Defendants' internal guidance documents, including the Mayorkas Memorandum (JR Ex. 20, PYM-000188-92), to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Mayorkas Memorandum and the other internal guidance memorandums, *see supra* ¶ 2 n.1, for a full and accurate statement of their contents, and otherwise deny the remaining allegations in this paragraph.

23.     Defendants admit that then-Acting Associate Commissioner of INS James A. Puleo issued a memorandum in 1993 directing that "[e]nforcement operations which are likely to involve apprehensions on the premises of . . . places of worship, or at funerals or other religious ceremonies require advance written approval by the District Director or Chief Patrol Agent."  Mem. from James A. Puleo, Acting Assoc. Comm'r, INS, "Enforcement Activities at Schools, Places of Worship, or at funerals or other religious ceremonies" (May 17, 1993) ("Puleo Memorandum") (JR Ex. 11, PYM-000067-69).  The remaining allegations in this paragraph consist of Plaintiffs' characterization of the Puleo Memorandum, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Puelo Memorandum for a full and accurate statement of its contents, and otherwise deny the remaining allegations in this paragraph.

24.     Defendants admit that then-chief Patrol Agent Jose E. Garza issued a memorandum in 1993 directing that "[p]laces of worship will not be entered for the purpose of apprehending illegal aliens even if in hot pursuit unless an Assistant Chief or above has authorized it."  Mem. from Jose E. Garza, Chief Patrol Agent, Laredo, Texas, "Sector Policy Regarding Entry Into Places of Worship, Schools and Private Residences" (Jan. 21, 1993) ("Garza Memorandum") (JR Ex. 9, PYM-000064).  The remaining allegations in this paragraph consist of Plaintiffs' characterization of the Garza Memorandum, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Garza Memorandum for a full and accurate statement of its contents, and otherwise deny the remaining allegations in this paragraph.

25.     Defendants admit that then-Assistant Secretary Julie L. Myers issued a memorandum in July 2008 directing that "ICE personnel should refrain from conducting enforcement actions or investigative activities at or near sensitive community locations[,]"

including "places of worship, and funerals or other religious ceremonies, except in limited circumstances as set forth within th[e] memorandum." Mem. from Julie L. Myers, Assistant Secretary, DHS, "Field Guidance on Enforcement Actions or Investigative Activities At or Near Sensitive Community Locations" (July 3, 2008) ("Myers Memorandum") (JR Ex. 15, PYM-00080-81). The remaining allegations in this paragraph consist of Plaintiffs' characterization of the Myers Memorandum, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Myers Memorandum for a full and accurate statement of its contents, and otherwise deny the remaining allegations in this paragraph.

26.    Defendants admit that then-Director of ICE John Morton issued a memorandum in October 2011, which superseded the 1993 and 2008 memoranda and directed that "[a]ny planned enforcement action at or focused on a sensitive location," including "churches, synagogues, mosques, or other institutions of worship[,]" "must have prior approval of one" of several listed officials. Mem. from John Morton, Director, ICE, "Enforcement Actions at or Focused on Sensitive Locations" (Oct. 24, 2011) ("Morton Memorandum") (JR Ex. 16, PYM-000082-84). The remaining allegations in this paragraph consist of Plaintiffs' characterization of the Morton Memorandum, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Morton Memorandum for a full and accurate statement of its contents, and otherwise deny the remaining allegations in this paragraph.

27.    Defendants admit that in October 2021 then-Secretary of Homeland Security Alejandro N. Mayorkas issued a memorandum superseding the Morton Memorandum and directing immigration enforcement officers to "refrain, to the fullest extent possible, from conducting a law enforcement action in or near a protected area[,] including places of worship. Mayorkas Memorandum (JR Ex. 20, PYM-000190). The remaining allegations in this paragraph

consist of Plaintiffs' characterization of the Mayorkas Memorandum, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Mayorkas Memorandum for a full and accurate statement of its contents, and otherwise deny the remaining allegations in this paragraph.

28.  The allegations in this paragraph consist of Plaintiffs' characterization of the Mayorkas Memorandum (JR Ex. 20, PYM-000188-192), to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Mayorkas Memorandum for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

29.  Defendants' admit that on January 27, 2025, ICE's website included a page titled "Protected Areas and Courthouse Arrests."  *See* ICE, Protected Areas and Courthouse Arrests, JR Ex. 22, PYM-000247-255.  The remaining allegations consist of Plaintiffs' characterization of the contents of the webpage titled "Protected Areas and Courthouse Arrests[,]" to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the webpage for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

30.  Defendants admit that Congress, as part of the Fiscal Year 2020 Department of Homeland Security Appropriations Act (P.L. 116-93), directed ICE to "provide a public report on enforcement actions at sensitive locations since October 1, 2017."  ICE, Immigration Enforcement at Sensitive Locations, Fiscal Year 2020 Report to Congress (April 18, 2022) (JR Ex. 21, PYM-000196).  The remaining allegations in this paragraph consist of Plaintiffs' characterization of the Fiscal Year 2020 Report to Congress, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Fiscal Year 2020 Report to

Congress for a full and accurate statement of its contents, and otherwise deny the remaining allegations in this paragraph.

31.    The allegations in this paragraph consist of Plaintiffs' characterization of a *Fox News* article published on January 21, 2025, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the article for a full and accurate statement of its contents, *see* JR Ex. 27, PYM-000315-000316, and otherwise deny the allegations in this paragraph.

32.    Defendants admit that DHS issued a public statement on January 21, 2025 announcing that then-Acting Secretary of Homeland Security Benjamine C. Huffman had issued a directive rescinding the Biden Administration's guidance related to enforcement actions in or near sensitive locations. *See* DHS, Statement from a DHS Spokesperson on Directives Expanding Law Enforcement and Ending the Abuse of Humanitarian Parole, JR Ex. 30, PYM-000329. The remaining allegations in this paragraph consist of Plaintiffs' characterization of the public statement, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the public statement for a full and accurate statement of its contents, and otherwise deny the remaining allegations in this paragraph.

33.    Defendants admit that on January 31, 2025 they, through their counsel, e-mailed Plaintiffs' counsel a copy of a memorandum titled "Enforcement Actions in or Near Protected Areas" that was issued by then-Acting Secretary Benjamine C. Huffman on January 20, 2025. *See* Huffman Memorandum (JR Ex. 43, PYM-000574). The remainder of the allegations in this paragraph consist of Plaintiffs' characterization of the Huffman Memorandum, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer

the Court to the Huffman Memorandum for a full and accurate statement of its contents, and otherwise deny the remaining allegations in this paragraph.

34.    The allegations in this paragraph consist of Plaintiffs' characterization of the Huffman Memorandum (JR Ex. 43, PYM-000574), to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Huffman Memorandum for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

35.    The allegations in this paragraph consist of Plaintiffs' characterization of the Huffman Memorandum (JR Ex. 43, PYM-000574), to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Huffman Memorandum for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

36.    The allegations in this paragraph consist of Plaintiffs' characterization of a page on the Quaker.org website, to which no response is required.  *See*, Quaker.org, "The Quaker Story" (JR Ex. 28, PYM-000318-325).  Defendants respectfully refer the Court to the webpage for a full and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Noah Merrill (JR Ex. 2, PYM-000012-18), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Noah Merrill (JR Ex. 2, PYM-000012-18), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Noah Merrill (JR Ex. 2, PYM-000012-18), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

43.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12) and the Declaration of Ruby Steigerwald (JR Ex. 3, PYM-000020-26), to which no response is required.  Defendants respectfully refer the Court to the declarations for a full and accurate statement of their contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

51.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

52.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

54.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12) and the Declaration of Roni J. Kingsley (JR Ex. 4, PYM-000027-34), to which no response is required.  Defendants respectfully refer the Court to the declarations for a full and accurate statement of their contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

55.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Ruby Steigerwald (JR Ex. 3, PYM-000020-26), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12) and the Declaration of Ruby Steigerwald (JR Ex. 3, PYM-000020-26), to which no response is required.  Defendants respectfully refer the Court to the declarations for a full and accurate statement of their contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

58.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Roni J. Kingsley (JR Ex. 4, PYM-000027-34), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its

contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Noah Merrill (JR Ex. 2, PYM-000012-18), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

60.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Francie Marbury (JR Ex. 5, PYM-000035-40), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

61.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Christie Ducan-Tessmer (JR Ex. 6, PYM-000041-47), to which no response is required.   Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

62.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Sarah Gillooly (JR Ex. 7, PYM-000050-000056), the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12), the Declaration of Ruby Steigerwald (JR Ex. 3, PYM-000020-26), and the Declaration of Roni J. Kingsley (JR Ex. 4, PYM-000027-34), to which no response is required.   Defendants respectfully refer the Court to the declarations for a full and accurate

statement of their contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

63. The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Steven Mohlke (JR Ex. 53, PYM-000643-648) and the Declaration of Nancy Black (JR Ex. 52, PYM-000637-642), to which no response is required. Defendants respectfully refer the Court to the declarations for a full and accurate statement of their contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

64. The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

65. The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

66. The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), to which no response is

required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

67.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

68.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

69.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

70.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), to which no response is required.  Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

71.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), to which no response is required.  Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

72.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), to which no response is required.  Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

73.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622) and the Declaration of Reverand Dr. Jeff Hayes (JR Ex. 48, PYM-000604-609), to which no response is required. Defendants respectfully refer the Court to the declarations for a full and accurate statement of their

contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

74. The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), the Declaration of Reverend Dr. Randall Carter (JR Ex. 50, PYM-000623-000632), the Declaration of Reverand Dr. Jeff Hayes (JR Ex. 48, PYM-000604-609), and the Declaration of Reverend Juan L. Garcia (JR Ex. 51, PYM-000633-636), to which no response is required. Defendants respectfully refer the Court to the declarations for a full and accurate statement of their contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

75. The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

76. The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622) and the Declaration of Reverand Dr. Jeff Hayes (JR Ex. 48, PYM-000604-609), to which no response is required. Defendants respectfully refer the Court to the declarations for a full and accurate statement of their contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

77.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622), to which no response is required.  Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

78.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

79.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

80.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

81.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603), to which no response is required.

Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

82.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

83.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

84.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

85.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

87.     The allegations in this paragraph consist of Plaintiffs' characterization of an *Associated Press* article published on January 23, 2025, to which no response is required. Defendants respectfully refer the Court to the article for a full and accurate statement of its contents.  *See* JR Ex. 25, PYM-000302-310.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

88.     The allegations in this paragraph consist of Plaintiffs' characterization of a *Chicago Tribune* article published on January 2, 2025, to which no response is required.  Defendants respectfully refer the Court to the article for a full and accurate statement of its contents.  *See* JR Ex. 39, PYM-000415-423.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

89.     The allegations in this paragraph consist of Plaintiffs' characterization of two press statements issued by the United States Conference of Catholic Bishops and the National Association of Evangelicals, to which no response is required.  Defendants respectfully refer the Court to the two press statements for a full and accurate statement of their contents.  *See* JR Ex. 42, PYM-000571-573; JR Ex. 32, PYM-000334-337.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

90.     Defendants deny the allegations in the first sentence of this paragraph except to admit that on January 26, 2025, pursuant to an I-205 Warrant of Removal/Deportation, ICE

arrested an alien unlawfully present in the United States in the parking lot of a shopping center at 3155 Tucker Norcross Road in Tucker, Georgia.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.

91.    The allegations in this paragraph consist of Plaintiffs' characterization of two studies, to which no response is required.  Defendants respectfully refer the Court to the two studies for a full and accurate statement of their contents.  *See* JR Ex. 23, PYM-000256-292; JR Ex. 54, PYM-000649-668.  To the extent a response is deemed necessary, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

92.    The allegations in the first sentence of this paragraph consist of Plaintiffs' characterization of the two studies discussed in Paragraph 91, to which no response is required.  Defendants respectfully refer the Court to the two studies for a full and accurate statement of their contents.  *See* JR Ex. 23, PYM-000256-292; JR Ex. 54, PYM-000649-668.  The allegations in the second sentence of this paragraph consist of Plaintiffs' characterization of a Government Accountability Office report, to which no response is required.  Defendants respectfully refer the Court to the report for a full and accurate statement of its contents.  *See* JR Ex. 19, PYM-000091-187.  To the extent a response to the first and second sentences of this paragraph is deemed necessary, Defendants deny the allegations.  Defendants deny the allegations in the third sentence of this paragraph except to admit that ICE arrested Brian Bukle upon his release from the Tehachapi State Prison on June 17, 2020 and that Mr. Bukle remained in ICE custody until his release on July 22, 2020.  Defendants deny the allegations in the fourth sentence of this paragraph except to admit that on January 8, 2025, a Border Patrol Agent conducting operations in Bakersfield, CA arrested a male U.S. citizen for suspected alien smuggling.  Prior to the arrest, an

agent immobilized the subject's vehicle by puncturing and deflating two of the vehicle's tires. Defendants deny the allegations in the fifth sentence of this paragraph.

93.     The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

94.     The allegations in the first sentence of this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12), to which no response is required.   Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.   The allegations in the second sentence of this paragraph consist of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12) and legal conclusions, to which no response is required.   To the extent a response is deemed necessary, Defendants respectfully refer the Court to the declaration for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

95.     The allegations in the first sentence of this paragraph consist of Plaintiffs' characterization of the Declaration of Christie Duncan-Tessmer (JR Ex. 6, PYM-000041-47), to which no response is required.   Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.   To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.   Defendants deny the allegations in the second sentence of

this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of this paragraph.

96.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph consist of Plaintiffs' characterizations of the Declaration of Christie Duncan-Tessmer (JR Ex. 6, PYM-000041-47), to which no response is required.  Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.  The allegations in the third sentence of this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the third sentence of this paragraph.  The fourth sentence of this paragraph consists of Plaintiffs' characterization of the Declaration of Michael Levi (JR Ex. 1, PYM-000001-12) and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the declaration for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

97.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

98.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622) and the Declaration of Reverand Dr. Jeff Hayes (JR Ex. 48, PYM-000604-609), to which no response is required.  Defendants respectfully refer the Court to the declarations for a full and accurate statement of their

contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

99. The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverand Dr. Jeff Hayes (JR Ex. 48, PYM-000604-609), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

100. The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Reverend Dr. Randall Carter (JR Ex. 50, PYM-000623-000632), to which no response is required. Defendants respectfully refer the Court to the declarations for a full and accurate statement of their contents. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

101. The allegations in this paragraph set forth legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

102. The allegations in this paragraph consist of Plaintiffs' characterizations of the Declarations of Reverend Dr. Randall Carter (JR Ex. 50, PYM-000623-000632) and Reverend Dr. Paul Baxley (JR Ex. 49, PYM-000610-622) and legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the declarations for a full and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

103.    The allegations in the first sentence of this paragraph consist of Plaintiffs' characterizations of the Declaration of Reverend Dr. Randall Carter (JR Ex. 50, PYM-000623-000632), to which no response is required.  Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.

104.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

106.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

107.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

108.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603) and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court the declaration for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

109.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

110.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603) and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court the declaration for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

111.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603), to which no response is required. Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents.    To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

112.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603) and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

113.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603) and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer

the Court to the declaration for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

114.    The allegations in this paragraph consist of Plaintiffs' characterization of the Declaration of Amar Shergill (JR Ex. 47, PYM-000599-603) and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the declaration for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

### COUNT I

115.    Defendants hereby incorporate by reference their responses to paragraphs 1-114.

116.    The allegations in this paragraph consist of Plaintiffs' characterization of the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb-2000bb-4 ("RFRA") and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

117.    The allegations in this paragraph consist of Plaintiffs' characterization of the RFRA and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

118.    The allegations in this paragraph consist of Plaintiffs' characterization of the RFRA and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

123.    Defendants admit that the internal guidance provided in the Huffman Memorandum (JR Ex. 43, PYM-000574), permits immigration enforcement officers to conduct enforcement operations in or near places of worship.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of the Huffman Memorandum, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Huffman Memorandum for a full and accurate statement of its contents, and otherwise deny the remaining allegations in this paragraph.

124.    Denied.  Defendants aver that immigration enforcement operations in or near places of worship were permitted under the Mayorkas Memorandum  (JR Ex. 20, PYM-000188-92).

125.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

126.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

127.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the second sentence of this paragraph.

129.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the second sentence of this paragraph.

131.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

132.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

133.    The allegations in this paragraph consist of Plaintiffs' characterization of the Mayorkas Memorandum (JR Ex. 20, PYM-000188-92), to which no response is required.  To the

extent a response is deemed necessary, Defendants respectfully refer the Court to the Mayorkas Memorandum for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

134.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

## COUNT II

135.    Defendants hereby incorporate by reference their responses to paragraphs 1-134.

136.    The allegations in this paragraph consist of Plaintiffs' characterizations of the First Amendment of the United States Constitution, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the constitutional provision for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

137.    The allegations in this paragraph consist of Plaintiffs' characterization of a judicial decision, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the judicial decision for a full and accurate statement of its contents, and otherwise the deny the allegations in this paragraph.

138.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

139.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

140.    The allegations in this paragraph consist of Plaintiffs' characterization of the Huffman Memorandum (JR Ex. 43, PYM-000574), and set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Huffman Memorandum for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

141.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

142.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

143.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

144.    The allegations in this paragraph consist of Plaintiffs' characterization of the Mayorkas Memorandum (JR Ex. 20, PYM-000188-92), and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Mayorkas Memorandum for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

145.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

**COUNT III**

146.    Defendants hereby incorporate by reference their responses to paragraphs 1-145.

147.    The allegations in this paragraph consist of Plaintiffs' characterization of a provision of the Administrative Procedure Act ("APA"), to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the statutory provision for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

148.    The allegations in the first sentence of this paragraph consist of Plaintiffs' characterization of a provision of the INA, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents, and otherwise deny the allegations in the first sentence of this paragraph.  The second and third sentences of this paragraph consist of Plaintiffs' characterization of two judicial decisions and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the judicial decisions for a full and accurate statement of their contents, and otherwise deny the allegations in the second and third sentences of this paragraph.

149.    The allegations in this paragraph consist of Plaintiffs' characterization of DHS and its predecessor's internal guidance regarding enforcement actions at sensitive locations and the APA, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the internal guidance, *see* ¶ 2 n.1 and the statute for a full and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

150.    The allegations in this paragraph consist of Plaintiffs' characterization of three judicial decisions and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the three judicial decisions for a full and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

151.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

152.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

153.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

**COUNT IV**

154.    Defendants hereby incorporate by reference their responses to paragraphs 1-153.

155.    The allegations in this paragraph consist of Plaintiffs' characterization of a provision of the APA, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the statutory provision for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

156.    The allegations in the first and fourth sentences of this paragraph consist of Plaintiffs' characterization of a provision of the INA and three provisions of the APA, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the statutory provisions for a full and accurate statement of their contents, and

otherwise deny the allegations in the first and fourth sentences of this paragraph.  The second and third sentences of this paragraph consist of Plaintiffs' characterization of two judicial decisions and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the judicial decisions for a full and accurate statement of their contents, and otherwise deny the allegations in the second and third sentences of this paragraph.

157.    The allegations in this paragraph consist of Plaintiffs' characterization of a DHS regulation and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the regulatory provision for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

158.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

159.    The allegations in this paragraph consist of Plaintiffs' characterization of a DHS regulation and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the regulatory provision for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

160.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

161.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

162.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

## COUNT V

163.    Defendants hereby incorporate by reference their responses to paragraphs 1-162.

164.    The allegations in this paragraph consist of Plaintiffs' characterization of a provision of the APA, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the statutory provision for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

165.    The allegations in the first and fourth sentences of this paragraph consist of Plaintiffs' characterization of a provision of the INA and three provisions of the APA, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the statutory provisions for a full and accurate statement of their contents, and otherwise deny the allegations in the first and fourth sentences of this paragraph.  The second and third sentences of this paragraph consist of Plaintiffs' characterization of two judicial decisions and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the judicial decisions, and otherwise deny the allegations in the second and third sentences of this paragraph.

166.    The allegations in this paragraph consist of Plaintiffs' characterization of the Huffman Memorandum (JR Ex. 43, PYM-000574) and a DHS regulation, and sets forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Huffman Memorandum and the regulatory provision

for a full and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

167.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

168.    The allegations in this paragraph consist of Plaintiffs' characterization of a DHS regulation and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the regulatory provision for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

169.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

170.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

171.    The allegations in this paragraph set forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

**COUNT VI**

172.    Defendants hereby incorporate by reference their responses to paragraphs 1-171.

173.    Pursuant to the Court's Order dated February 3, 2026, Count VI ("Count 6") of Plaintiffs' Amended Complaint has been dismissed, and a response to the allegations in this paragraph is not required.  *See* Order, ECF No. 93 (Feb. 3, 2026).

174.    Pursuant to the Court's Order dated February 3, 2026, Count 6 of Plaintiffs' Amended Complaint has been dismissed, and a response to the allegations in this paragraph is not required.  *See* Order, ECF No. 93 (Feb. 3, 2026).

175.    Pursuant to the Court's Order dated February 3, 2026, Count 6 of Plaintiffs' Amended Complaint has been dismissed, and a response to the allegations in this paragraph is not required.  *See* Order, ECF No. 93 (Feb. 3, 2026).

176.    Pursuant to the Court's Order dated February 3, 2026, Count 6 of Plaintiffs' Amended Complaint has been dismissed, and a response to the allegations in this paragraph is not required.  *See* Order, ECF No. 93 (Feb. 3, 2026).

177.    Pursuant to the Court's Order dated February 3, 2026, Count 6 of Plaintiffs' Amended Complaint has been dismissed, and a response to the allegations in this paragraph is not required.  *See* Order, ECF No. 93 (Feb. 3, 2026).

178.    Pursuant to the Court's Order dated February 3, 2026, Count 6 of Plaintiffs' Amended Complaint has been dismissed, and a response to the allegations in this paragraph is not required.  *See* Order, ECF No. 93 (Feb. 3, 2026).

179.    Pursuant to the Court's Order dated February 3, 2026, Count 6 of Plaintiffs' Amended Complaint has been dismissed, and a response to the allegations in this paragraph is not required.  *See* Order, ECF No. 93 (Feb. 3, 2026).

180.    Pursuant to the Court's Order dated February 3, 2026, Count 6 of Plaintiffs' Amended Complaint has been dismissed, and a response to the allegations in this paragraph is not required.  *See* Order, ECF No. 93 (Feb. 3, 2026).

181.    Pursuant to the Court's Order dated February 3, 2026, Count 6 of Plaintiffs' Amended Complaint has been dismissed, and a response to the allegations in this paragraph is not required.  *See* Order, ECF No. 93 (Feb. 3, 2026).

## PRAYER FOR RELIEF

The remainder of the Amended Complaint consists of a demand for relief, not allegations of fact to which a response is required.  To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the relief requested or any other relief whatsoever.

Defendants specifically deny each and every allegation of the Amended Complaint not otherwise expressly admitted, qualified, or denied in this Answer.

## AFFIRMATIVE DEFENSES

1.    The Court lacks subject matter jurisdiction over one or more claims or requests for relief in the Amended Complaint.

2.    The Amended Complaint fails to state a claim upon which relief may be granted against Defendants.


February 17, 2026                          Respectfully submitted,

                                           BRETT A. SHUMATE
                                           Assistant Attorney General

                                           ALEXANDER K. HAAS
                                           Branch Director

                                           ANDREW I. WARDEN
                                           Assistant Branch Director

                                           /s/ *Kristina A. Wolfe*
                                           KRISTINA A. WOLFE
                                           Senior Trial Counsel
                                           United States Department of Justice

Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Tel:  202-353-4519
Fax: 202-616-8470
Email:  Kristina.Wolfe@usdoj.gov

*Counsel for Defendants*